IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KARL ARCHIBALD, JR.           )
                              )
     v.                       )     NO. 3:11-0728
                              )
METROPOLITAN GOVERNMENT OF    )
NASHVILLE AND DAVIDSON COUNTY, et al.  )


TO:  Honorable Todd J. Campbell, Chief District Judge


**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered September 13, 2011 (Docket Entry No. 11), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 36) of Defendants Meredith Corporation (owner and operator of WSMV Channel Four), Sinclair Television of Nashville, Inc. (owner and operator of WZTV Fox 17), Young Broadcasting of Nashville, LLC (owner and operator of WKRN Channel Two), and NewsChannel 5 Network LLC (owner and operator of WTVF Channel 5) and the motion to dismiss (Docket Entry No. 54) of Defendant Davidson County Public

Defender's Office. The plaintiff has not responded in opposition to either motion.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The plaintiff filed this action pro se and in forma pauperis on July 29, 2011, seeking relief under 42 U.S.C. § 1983. The facts, as gleaned from the plaintiff's complaint and the record in this action, show that the plaintiff was arrested on June 26, 2011, by officers of the Metropolitan Nashville Police Department and charged with three counts of first degree murder based on events that occurred on April 25, 2011, and May 8, 2011, and was detained at the Davidson County Criminal Justice Center ("CJC"). He alleges that during the next few days four local television stations – Fox 17 News and News Channels 2, 4, and 5 ("the Television Station Defendants") – and two news entities known as Davidson County's Face It and Mugshot each published false, embarrassing, and damaging information about him regarding the alleged crimes. See Complaint (Docket Entry No. 1), at 3. He further alleges that the Davidson County Public Defender's Office ("Public Defender") "released [confidential] information of [his] case to [the] public." Id. Finally, the plaintiff alleges that, although he had an alibi for the dates in question, he was falsely accused of the crimes by Defendants Jerry Conley, Cheldriana Conley, and Detective Curtis Hafley and was kidnaped, falsely imprisoned, and falsely arrested without probable cause. Id. at 4. The current status of the criminal charges brought against the plaintiff is not clear from the complaint. However, a copy of the Davidson County Criminal Court Clerk public record for the plaintiff, which was filed

---

[1] By Orders entered January 13, 2012 (Docket Entry No. 47), and March 5, 2012 (Docket Entry No. 56), respectively, the plaintiff was notified of the motions and given deadlines of February 17, 2012, and March 19, 2012, to file responses to the motions.

by the Television Station Defendants in support of their motion to dismiss, indicates that the charges were still pending as of December 30, 2011, and that a trial was scheduled on June 26, 2012. See Docket Entry No. 43-7, at 71.

The Court conducted an initial frivolity review of the plaintiff's complaint under 28 U.S.C. § 1915 and found that the plaintiff alleged: 1) colorable constitutional claims under Section 1983 against Defendants Hafley, Jerry Conley, and Cheldriana Conley; 2) colorable claims of defamation under state law against Fox 17 News, News Channels, 2, 4, and 5, Davidson County's Face It and Mugshot; and 3) a colorable claim of breach of fiduciary duty under state law against the Public Defender. See Memorandum and Order entered September 13, 2011 (Docket Entry Nos. 10-11). Process was accordingly ordered to issue to these defendants.[2]

The Television Station Defendants and the Public Defender filed the pending motions to dismiss in lieu of answers. Summons for Davidson County's Face It and Mugshot were sent by the U.S. Marshal to Defendant NewsChannel 5 in accord with the addresses provided by the plaintiff on the summons, but was returned with an explanation that neither entity was affiliated with NewsChannel 5. See Docket Entry No. 20. By Order entered November 30, 2011 (Docket Entry No. 27), the Court alerted the plaintiff to his need to provide an accurate address for service of process upon these two defendants. Process for Defendants Jerry Conley, Cheldriana Conley, and Detective Curtis Hafley was returned unexecuted. See Docket Entry Nos. 60-62. The record shows that the plaintiff has not submitted any alternative addresses for the defendants or taken any other steps to have process served upon the unserved defendants.

---

[2] The Court dismissed several other claims and defendants from the action under 28 U.S.C. § 1915(e)(2).

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint

does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

A. Motion to Dismiss of the Television Station Defendants

The plaintiff claims that the Television Station Defendants defamed him when they broadcast and published on their websites information about his arrest and his criminal background. To establish a defamation claim, a plaintiff must demonstrate that the defendant published a false and defamatory statement with knowledge of the statement's falsity, reckless disregard for the statement's truth, or negligence in failing to ascertain the statement's truth. Sullivan v. Baptist Mem'l Hosp., 995 S.W.2d 569, 571 (Tenn. 1999); Press, Inc. v. Verran, 569 S.W.2d 435, 442 (Tenn. 1978).

The Television Station Defendants argue that dismissal of the defamation claims is warranted because: 1) the television broadcasts and website news stories contained true information; 2) the plaintiff's claim is barred by the "fair report privilege;" and 3) the plaintiff's prior and lengthy criminal history renders him incapable of showing that he suffered any harm to his reputation and thus he is "libel-proof" under Tennessee law. See Docket Entry No. 37.

In support of their motion, the Television Station Defendants attached DVD copies of the news broadcasts at issue (Docket Entry No. 43-3), transcripts of the news broadcasts (Docket Entry No. 43-4), a copy of the media release issued by the Metropolitan Nashville Police Department on June 27, 2011, regarding the plaintiff's arrest (Docket Entry No. 43-5), a copy of the plaintiff's criminal history generated by the Tennessee Bureau of Investigation (Docket Entry No. 43-6), and a copy of the plaintiff's criminal background generated by the Davidson County Criminal Court

5

Clerk (Docket Entry No. 43-7). By Order entered March 5, 2012 (Docket Entry No. 56), the Court granted the unopposed motion of the Television Station Defendants for the Court to take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of these materials.

Accordingly, the Court judicially notices the following facts:

1. The plaintiff was arrested on June 26, 2011, by Metro Nashville Police Department officers on June 26, 2011, and charged with three counts of first degree murder, evading arrest, and criminal impersonation. See Docket Entry No. 43-7, at 70;

2. The public record reflects that the plaintiff has a prior criminal history including convictions for aggravated assault, evading arrest, being a felon in possession of a handgun, criminal impersonation, and possession of marijuana. See Docket Entry Nos. 43-6 and 43-7;

3. On June 27, 2011, the Metropolitan Nashville Police Department issued a media release that set out factual details of the plaintiff's arrest on June 26, 2011, stated that he was charged with three counts of attempted first-degree murder, evading arrest, and criminal impersonation, stated that he had previous convictions for aggravated assault, felony marijuana possession, felon in possession of a handgun, theft, and evading arrest, and stated that he was being held in lieu of a $225,000 bond. See Docket Entry No. 43-5; and

4. At various times on June 26, 27, and 28, 2011, news reports were broadcast by the Television Station Defendants of the plaintiff's arrest, including information about the details of his arrest, the criminal charges brought against him, his criminal background, and the amount of his bond. See Docket Entry Nos. 43-3 and 43-4. Defendants Meredith Corporation (owner and operator of WSMV Channel Four), Sinclair Television of Nashville, Inc. (owner and operator of WZTV Fox

17), and Young Broadcasting of Nashville, LLC (owner and operator of WKRN Channel Two) also placed similar news stories on their internet websites. Id.

The criminal charges brought against the plaintiff, the facts and details of his arrest, his criminal background, and the content of the news reports made by the Television Station Defendants are all matters to which the plaintiff referred in his Complaint and matters integral to the claims he has made in his Complaint. Accordingly, the materials encompassing these facts that have been judicially noticed, as well as the public record as it pertains to the plaintiff and the judicially noticed media release by the Metro Nashville Police Department, are all appropriately considered in the stance of analyzing the defendants' motion to dismiss. See Wyser–Pratte Mgmt. Co. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005); Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997); Cobin v. Hearst-Argyle Television, Inc., 561 F.Supp.2d 546, 550-53 (D.S.C. 2008).

When the Complaint is viewed in conjunction with the referenced judicially noticed facts, it is clearly apparent that the plaintiff fails to state a claim upon which relief can be granted against the Television Station Defendants. First and foremost, even the most generous review of the news reports at issue reveals that, except for minor misstatements concerning the amount of the plaintiff's bail, the reports do not contain any statements that are false and the facts conveyed in the reports are accurate. The truthfulness of a statement is a defense to a defamation claim. See Wagner v. Fleming, 139 S.Wd.3d 295, 302-03 (Tenn. Ct. App. 2004); Gibbons v. Schwartz-Nobel, 928 S.W.2d 922, 927 (Tenn.Ct.App. 1996). Further, the misstatements regarding the amount of the plaintiff's bail are simply not defamatory when taken in the context of the entire report. Further, the only actual reference made by the plaintiff in his Complaint to defamatory information is that he was accused "as a 3x murderer." See Complaint, at 3. When taken as an allegation of a verbatim statement made

7

in the reports, such a statement is simply not contained in any of the news reports. If taken merely as the plaintiff's reference to the accusations brought against him, the plaintiff was in fact arrested on three murder charges.

Second, the Court agrees that the fair report privilege shields the Television Station Defendants from any liability on the plaintiff's defamation claim. The fair report privilege protects certain statements from claims of defamation, so long as the statement constitutes "a fair and accurate summation" of an official government action. Lewis v. NewsChannel 5 Network, L.P., 238 S.W.3d 270, 284 (Tenn.Ct.App. 2007) (citing Smith v. Reed, 944 S.W.2d 623, 624 (Tenn.Ct.App. 1996)). Where the privilege applies, it may only be defeated with proof that the defendant acted with actual malice. Stem v. Gannett Satellite Info. Network, Inc., 866 F.Supp. 355, 359 (W.D.Tenn. 1994) (citing Langford v. Vanderbilt Univ., 287 S.W.2d 32, 36-37 (1956), and American Pub'g Co. v. Gamble, 115 Tenn. 663, 90 S.W. 1005 (1906)). The fair report privilege applies to news reports made in reliance on police communications regarding the arrest of a criminal suspect. See Milligan v. United States, 644 F.Supp.2d 1020, 1034 (M.D. Tenn. 2009) (Trauger, J.). The plaintiff has not countered the defendants' assertion of the fair report privilege and shown why it should not apply.

For these reasons, the motion to dismiss of the Television Station Defendants has merit and should be granted.[3]

---

[3] Because the Court finds that the truthfulness of the new reports and the fair report privilege warrant dismissal of the plaintiff's defamation claims, it is not necessary to address the Television Station Defendants' alternative argument that the plaintiff's criminal history makes him libel-proof.

B. Motion to Dismiss of Defendant Public Defender

The motion to dismiss should be granted. The Public Defender argues that the plaintiff's allegations against it are so vague and conclusory that the Complaint fails to state a claim against it upon which relief can be granted. The Court agrees with the defendant's argument.

As set out in his Complaint, the plaintiff's complete allegations against the Public Defender are as follows:

> Public Defenders Office released information of my case to public, confidential infridgment (sic). My confidentiality was abused, due to seriousness of charges its (sic) was suppose[d] to be confidential

See Complaint (Docket Entry No. 1), at 3. Although these allegations were deemed sufficient to pass frivolity review, the allegations lack any factual specificity and are conclusory. The Court and the defendant are left to guess at how and when the defendant released information to the public, what the information was and why it was confidential, and how the release of this information damaged the plaintiff.

To state a claim for relief, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). Conclusory allegations without specific factual allegations fail to state a claim, see Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; Chapman v. City of Detroit, 808 F. 2d 459, 465 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985), and the Court is not required to conjure up unpled allegations to support conclusory claims. See Wells

v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff's allegations are simply too vague and conclusory to support a claim against the Public Defender.[4]

C. Dismissal of the Remaining Defendants

The remaining five defendants should be dismissed from the action because they have not been served with process. Rule 4(m) of the Federal Rules of Civil Procedure states, in part:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

See Rule 4(m).

Service of process was issued to the remaining five defendants on October 21, 2011, but they have not been served with process. Further, the plaintiff was specifically notified by the Court of the need to provide a different address for Defendants Davidson County's Face It and Mugshot but took no action in response to the Court's directive. The plaintiff has not provided alternative addresses for any of these five defendants or taken any other action in an attempt to have them served. There does not appear to be good cause for excusing the failure to have these defendants served or to further extend the time within which to attempt service of process upon them. Accordingly, these defendants should be dismissed from the action without prejudice in accordance

---

[4] Because the plaintiff's allegations are so lacking that he fails to state a claim for relief against the Public Defender, it is not necessary to address the defendant's alternative argument that it is not an entity separate from the Metropolitan Government of Nashville and Davidson County or the issue of whether the exclusivity provision of the Tennessee Governmental Tort Liability Act provides a compelling reason for the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law claims against the Public Defender.

with Rule 4(m). By this Report and Recommendation and the plaintiff's opportunity to make objections, he will be given the appropriate notice required by Rule 4(m) of the Court's intention to dismiss these defendants because of lack of service of process.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS:

1) motion to dismiss (Docket Entry No. 36) of Defendants Meredith Corporation (owner and operator of WSMV Channel Four), Sinclair Television of Nashville, Inc. (owner and operator of WZTV Fox 17), Young Broadcasting of Nashville, LLC (owner and operator of WKRN Channel Two), and NewsChannel 5 Network LLC (owner and operator of WTVF Channel 5) and the motion to dismiss (Docket Entry No. 54) of Defendant Davidson County Public Defender's Office be GRANTED;

2) Defendants Davidson County's Face It, Mugshot, Jerry Conley, Cheldriana Conley, and Curtis Hafley be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

3) this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,


        _____
        JULIET GRIFFIN
        United States Magistrate Judge